1  COMP
   NEW START ASSET RECOVERY, LLC
2  7380 S. Eastern Ave, #124
3  LAS VEGAS, NV, 89123
   702-321-1419
4  PLAINTIFF, IN PRO PER
5

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 8 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

6  UNITED STATES DISTRICT COURT
   FOR THE DISTRICT

7                                                    **2:15-cv-01940-JAD-CWH**

8  NEW START ASSET RECOVERY, LLC , a
   Nevada llc
9                                    Plaintiff,    )    COMPLAINT FOR DAMAGES,
10          vs.                                    )    RESTITUTION, INJUNCTIVE RELIEF
    STEPHEN R USIAK and ROSA M USIAK,            )
11  husband and wife as Joint tenants ; DEUTSCHE  )    1)  Federal Debt Collection Practices
12  BANK NATIONAL TRUST COMPANY as               )        Act, 15 U.S.C. §1692 et al.
    Indenture Trustee under the Indenture Relating to )   2)  Nevada Revised Statute (NRS)
13  JMH Assets, Corp Collateralized Asset-Backed  )        116.3116(2) Plaintiff's Super-
14  Bonds, Series 2005-4, a New York Corporation, ; )       Priority
    TRUSTEE CORPS, a California Company,          )    3)  Negligence
15  Successor Trustee and DOES 1 through 100,     )    4)  Loss of security due to deficient
16  inclusive,                                    )        Securitization
                                   Defendants.    )    5)  Failure to submit claims to
17                                                )        mediation pursuant to NRS
18                                                )        38.310(1)(a)
19                                                )    6)  Declaratory Judgment/Quiet Title
20                                                )
21                                                )    **JURY TRIAL DEMANDED**
22                                                )
23                                                )
24                                                )
25  _____    )
26
27
28

**COMES NOW** Plaintiff, NEW START ASSET RECOVERY, LLC and for its complaint against Defendants, STEPHEN R USIAK and ROSA M USIAK, DEUTSCHE BANK NATIONAL TRUST and TRUSTEE CORPS, and complain and allege as follows:

## I.     THE PARTIES

1.  Plaintiff New Start Asset Recovery, llc ("NSAR") is a Nevada llc registered in Clark County, Nevada. It is represented by Philippe Laurent, its managing member.

2.  Plaintiff is the sole owner of the residential real property commonly known as 4514 Blue Mesa Way, Las Vegas, Nevada 89129 (hereinafter, "Subject Property").

3.  Plaintiff is informed and believes, and thereon alleges that DEUTSCHE BANK NATIONAL TRUST COMPANY as Indenture Trustee under the Indenture Relating to JMH Assets, Corp Collateralized Asset-Backed Bonds, Series 2005-4 hereinafter ("Deutsche Bank"), a Trustee for a Securitized Trust under the laws of New York, and who is regularly engaged in business in Las Vegas, Clark County, Nevada.

4.  Plaintiff is informed and believes, and thereon alleges that Trustee Corps. (Hereinafter "Trustee Corps"), whose principal place of business is located in California, and who is regularly engaged in business in Las Vegas, Clark County, Nevada.

5.  Plaintiff is informed and believes, and thereon alleges that Stephen R Usiak and Rosa M Usiak ("The Usiak") are the previous owners of Subject Property by way of a Loan originated with Countrywide Home Loans, Inc. They are believed to live in Clark County NV.

6.  Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1-100, inclusive, and, therefore, sues these Defendants by fictitious names. Plaintiff will seek leave of this Court to amend this Complaint when the identities of these Defendants are ascertained.

7.  Plaintiff believes that each fictitiously named Defendant DOE 1-100 is a person or entity who participated in, assisted, advised, was retained by, or counseled by one of the other Defendants herein in connection with the acts alleged herein of which Plaintiff complains. Said fictitiously named Defendants were agents, servants,

employees, alter egos, superiors, successors in interest, joint ventures' and/or co-conspirators of each of their co-defendants and in doing the things herein after mentioned, or acting within the course and scope of their authority of such agents, servants employees, alter egos, superiors, successors in interest, joint ventures' and/or co- conspirators with the permission and consent of their co-defendants, and consequently, each Defendant named herein, and those Defendants named herein as DOES 1 through 100, inclusive, are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of their wrongful conduct.

## II.    JURISDICTION AND VENUE

8.  Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C. § 1692 et seq.

9.  This Court has personal jurisdiction over Defendants because they specifically engaged in conduct injurious to Plaintiff who was located in the state of Nevada and Defendants did this with the full knowledge that Plaintiff was and is in the state of Nevada, that their actions would have an effect in the state of Nevada, and that their actions would cause injury to Plaintiff in the state of Nevada.

10. Plaintiff is a citizen of Clark County, Nevada. Plaintiff's home, which is the subject of this litigation, is in Clark County, Nevada, and Defendants regularly conduct business in this district. Each Defendant is, upon information and belief, operates in Nevada and routinely does business in Clark County, Nevada.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to U.S.C. Section 1391. Venue lies in the unofficial Central Division of this Court.

### III.   INTRODUCTION

12. Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. See, Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a) In Picking, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. Picking v. Pennsylvania Railway, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

13. (b) In Walter Process Equipment v. Food Machinery, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (See, Conley vs. Gibson, 355 U.S. 41 (1957).

14. Moreover, Plaintiff claims that statements of counsel in motions, briefs or in oral arguments are not facts before this Court. (See, Trinsey v Pagliaro, 229 F. Supp. 647).

15. Plaintiff in this action is a victim of unlawful acts perpetrated by Defendants, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendants have made numerous violation of the FDCPA and Nevada Fair Debt Collection Practices Act ("NFDCPA") NRS 649 et al.

### IV.   FACTUAL BACKGROUND

16. On or about February 3, 2005, Stephen R Usiak and Rosa M Usiak, Husband and Wife as Joint Tenants ("The Usiak") allegedly obtained a loan in the amount of $560,000 from Countrywide Home Loans, Inc. (the "original creditor") for the purchase of the real property located at 4514 Blue Mesa Way, Las Vegas, County of Clark, Nevada (the "Subject Property") (Exhibit A).

17. On or about September 19, 2013, Deutsche Bank was allegedly assigned the Deed of Trust and Note recorded February 10th, 2005 by MERS. (Exhibit B)

18. Plaintiff believes and alleges that Deutsche Bank is a debt collector. Defendants Deutsche Bank and Trustee Corps are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect debts alleged to be due to another. Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The Usiaks were and are "consumers" as that term is defined in 15 USC§1692a(3) and 15 USC§1681, since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes. Furthermore, Deutsche Bank never had a contract with the Usiaks, verified the debt, or proved there was ever a proper assignment.

19. Furthermore, the seventh circuit has reasoned, the term "debt collector" applies to those who acquire debt when it was already in default. See Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003); which happened in this case. BofA acquired the debt regarding the Subject Property when it was in default, thereby making them debt collectors.

20. On February 1st, 2013 the Usiaks stopped paying under the Deed of Trust, and also stopped paying their Home Owner's Association dues. By the time the foreclosure was processed the Usiaks were at least fifteen (15) months in default on their payments.

21. The Usiak's HOA, Tucson Ridge Homeowners Association ("HOA"), recorded a Notice of Delinquent Assessment Lien on April 9, 2014 and a Notice of Default ("NOD") on May 27, 2014 – approximately nine years after the original creditor recorded its Deed of Trust. (Exhibit C)

22. On or about July 2014, Deutsche Bank requested a statement of the super priority amount. In response, the HOA provided a payoff ledger claiming the total amount owed of $4,525.83 and a super priority amount of $3,216.91. (Exhibit D)

23. On September 4, 2014, Deutsche Bank decided to tender only the portion of the Super Priority equivalent of 9 months of common assessments, that is $747.00 but left unpaid the part of the super priority that contains fees that legally belong to the super priority. Despite the fact that the description of the Check for $747 describes the

payment as HOA Fees and Assessments, Only 9 months of assessments were included in that tender of $747. (Exhibit E)

24. The HOA Trustee refused this amount tendered and claimed that Deutsche Bank's prior tender failed to satisfied the super priority amount.

25. The HOA did not agree to record a release of the super priority portion of the lien and explained what in their view constituted the full detailed amount of super priority, therefore giving a reasonable opportunity to Deutsche Bank to satisfy that amount and adequately described the deficiency in payment.

26. On February 6, 2015, a Notice of Foreclosure Sale ("NFS") was recorded by the HOA.

27. Foreclosure Sale of the Subject Property was published in a Nevada Legal News newspaper for 3 consecutive weeks.

28. On February 27, 2015, Deutsche Bank filed a complaint in the Eighth Judicial District Court of the State of Nevada against HOA in order to get a preliminary injunction prohibiting the foreclosure sale by the HOA and in order to get a judgment concerning the respective rights of Deutsche Bank and HOA as to the amount necessary to discharge any super-priority interest.

29. On April 15, 2015 Deutsche Bank recorded its NOD and Election to Sell, notice of pending homeowner's association foreclosure.

30. On or about September 2015, Deutsche Bank paid to the HOA the equivalent of 9 months of assessment. Deutsche Bank did not pay any of the fees that are part of the Super Priority, only 9 months of assessment.

31. On September 10, 2015, Deutsche Bank caused to be recorded a Notice of Trustee's Sale.

32. On September 25, 2015, Deutsche Bank recorded a Notice of Stipulation and Order from Judge allowing Deutsche Bank to pay $747.00 to the HOA but reserving the right of the HOA to claim additional amounts that are due to HOA as part of its super priority lien, admitting that the super priority had not been paid entirely with the tender of 747.

33. The order also allowed the HOA Foreclosure sale to proceed for the full amount of the lien with the caution that the deed of trust did not extinguish.

34. On September 25, 2015, Plaintiff was the successful bidder at the public auction that took place to foreclose on the Subject Property.

35. On September 28, 2015, Nevada Association Services recorded a Trustee's Deed upon Sale naming Plaintiff new owner of the Subject Property.

36. On or about October 7th, 2015, Defendants will proceed with the foreclosure sale of the Subject Property.

## V.    GENERAL ALLEGATIONS

Plaintiff is informed and believes and therefore alleges that:

37. Plaintiff in this action is a victim of unlawful acts perpetrated by Defendants Deutsche Bank and Trustee Corps, in efforts to unlawfully take Plaintiff's property. In doing so, Defendants Deutsche Bank and Trustee Corps have made numerous violation of the FDCPA.

38. Defendants Deutsche Bank and Trustee Corps are engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due to another. Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The Usiak's were and are "consumers" as that term is defined in 15 USC§1692a(3) and 15 USC§1681, since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes. Therefore, Plaintiff asserts that according to FDCPA 15 USC 1692i, the remedy available to Defendants would be to obtain relief in regards to their alleged debt would be to file a complaint in court and obtain a judicial judgment. Under 15 U.S.C. 1692i § 811(a)(1), "Any debt collector who brings any legal action on a debt against any consumer shall--- (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located. Defendants here have no vested entitlement to the property owned by Plaintiff.

39. That Defendants Deutsche Bank and Trustee Corps are not the real party in interest in this proceeding and have no remaining equity or interest in Subject Property.

40. To the best of Plaintiff's knowledge and belief, Defendants Deutsche Bank and Trustee Corps have used the mails of the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed to an "original creditor," other than Defendants, which has purportedly been "charged off."

41. Defendants Deutsche Bank and Trustee Corps have violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendants Deutsche Bank and Trustee Corps.

42. Defendants Deutsche Bank and Trustee Corps have violated the FDCPA, 15 U.S.C. §1692d because it has engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with attempting to take the Subject Property away from Plaintiff, and as a result of said facts, and in other actions as more specifically set out hereafter. Defendant Deutsche Bank and Trustee Corps knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendant Deutsche Bank and Trustee Corps knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Plaintiff.

43. Defendants Deutsche Bank and Trustee Corps have made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, and character, of the debt in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

44. A Nevada quiet title action is predominantly to rem or quasi in rem. NRS 40.010 governs Nevada quiet title actions and provides: "An action may be brought against by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of

title." Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992); see also Hodges

Transp., Inc. v. Nevada, 562 F. Supp.521, 522 (D.New. 1983).

45. Plaintiff is informed and believes and therefore alleges that the false claims of debt owed as indicated by Defendants Deutsche Bank and Trustee Corps, their failure to demand said sums or to validate said debt places the Defendants Deutsche Bank and Trustee Corps in violation of the following:

## VI.   FIRST CLAIM FOR RELIEF

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 ET SEQ.

46. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

47. Defendants Deutsche Bank and Trustee Corps conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

48. Defendants Deutsche Bank and Trustee Corps conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the alleged debt to Plaintiff, 1692 g (b).

49. As a result of the foregoing violations, Defendants Deutsche Bank and Trustee Corps should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

50. An actual controversy has arisen and now exists between Plaintiff and Defendants Deutsche Bank and Trustee Corps concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant that Defendants actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

51. Based on the allegations above and further set forth herein, Defendants Deutsche Bank and Trustee Corps have violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; Continuing to pursue collection of disputed and unverified debt; forcing Plaintiff to defend against an invalid action, and further, and in addition

thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

52. By falsely representing that Defendants Deutsche Bank and Trustee Corps are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendants Deutsche Bank and Trustee Corps and the original creditor of any alleged debt by any alleged original creditor to Defendants, and/or that Defendants are the original creditor, Defendants Deutsche Bank and Trustee Corps have made material, false and misleading representations, and has further communicated to persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Defendant Deutsche Bank is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant Deutsche Bank either knew or should have known all of the above.

53. The FDCPA, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. Defendant has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendants to be determined at trial. Defendants Deutsche Bank and Trustee Corps are liable to Plaintiff for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable legal fees and costs pursuant to §1692k(a)(3).

54. Because the debt bought by the Debt Collector Deutsche Bank was a written off debt, it because unsecured.

55. The portion of the debt that was purchased by the Debt Collector is still collectible but no longer secured by the Subject Property.

56. Because this was an unsecured debt, the HOA Lien had priority over an unsecured debt.

57. Because this was an unsecured debt, it has been wiped out by the HOA Foreclosure Sale.

## VII.    SECOND CLAIM FOR RELIEF

### Nevada Revised Statutes (NRS) 116.3116(2) Plaintiff's Super-Priority to HOA Lien

Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

58. Nevada Revised Statutes (NRS) 116.3116(2) provides what is commonly known as super-priority to HOA liens. According to the statute, an HOA lien is superior to all other liens and encumbrances except real estate taxes and a first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent.

59. The statute states that an HOA lien for assessments that became due during the nine months immediately preceding an action to enforce the HOA lien has priority over a first position lien. The HOA lien for the nine-month period together with charges incurred by the association are considered a super-priority lien. In other words, an HOA lien for delinquent assessments plus charges incurred can have priority over a first position lien.

60. Deutsche Bank contacted the HOA to pay the super priority on or about September 2015 but chose to only pay part of the super priority.

61. Deutsche Bank only paid the equivalent of 9 months of assessments but refused to pay the portion of charges that belonged to the Super Priority.

62. Deutsche Bank failed to pay off the entire super priority lien on the property and therefore lost their priority in the chain of title.

63. In the case of SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 130 Nev. Adv. Op. 756  (Sept. 18, 2014), the Nevada Supreme Court addressed the issue of the super priority lien statute under NRS Chapter 116. The Nevada Supreme Court found in that case that under NRS 116.3116, an HOA's foreclosure extinguished the first deed of trust and that such a foreclosure does not require a judicial foreclosure process. The Nevada Supreme Court further found in that case that there was no

violation of due process rights of the lender if the foreclosure complied wit all the statutory requirements for notice.

## VIII.   THIRD CLAIM FOR RELIEF
### NEGLIGENCE

Plaintiff incorporates the allegations in all proceeding paragraphs as if fully set forth herein.

64. At all times herein, Defendants Deutsche Bank and Trustee Corps, had a duty to exercise reasonable care and skill to maintain proper and accurate records, but not limited, to attempting to foreclose on Plaintiff's property when Defendants do not have the legal authority to do so.

65. As a direct and proximate result of the negligence and carelessness of Defendants Deutsche Bank and Trustee Corps as set forth above, Plaintiff, suffered, and continues to suffer, general and special damages in an amount to be determined at trial.

66. Deutsche Bank, by refusing to pay that portion of charges incurred by the HOA , put themselves in a position to see their alleged security wiped out by the HOA super priority Foreclosure sale.

## IX.   FOURTH CLAIM OF RELIEF
### Loss of Security due to bad securitization

67. The securitization of the original loan resulted in the instrument becoming unsecured.

68. The loan was no longer a secured instrument secured by the deed of trust with the property as collateral as a result of the securitization; it became a stock for thousands of investors around the world.

69. The debt still exists and has not been cancelled by the securitization but the Subject Property is no longer the collateral for the debt.

70. Per the Pooling and Servicing Agreement for the securitization of the loan in question, the Trust became void as a result of improper chain of title recordation.

71. If the Trust became void, it cannot be looking at foreclosing on the Subject Property.

72. The HOA foreclosed on an unsecured instrument due to the securitization and violations of the Pooling and Servicing Agreement ("PSA").

## X.   FIFTH CLAIM OF RELIEF

### Failure to submit claims to mediation pursuant to NRS 38.310(1)(a)

73. In the case A-15-714483-C, the honorable judge erred in granting a ruling and the case should have been dismissed because Deutsche Bank failed to first submit its claims to mediation or arbitration, as is required under NRS 38.310 and McKnight Family, L.L.P. v Adept Mgmt., 129 Nev. Adv. Op. 64, 310 P.3d 555 (2013).

74. Nevada law requires that certain civil actions concerning homeowners' associations, assessments and CC&Rs be submitted to a form of alternative dispute resolution before being brought in district court.

75. Nevada Revised Statute section 38.310 requires that a "civil action" be submitted to mediation or an agreed-upon alternative dispute resolution program if the civil action relates to: "(a) The interpretation, application or enforcement of any covenants, conditions or restrictions application to residential property or any bylaws, rules or regulations adopted by an association; or (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property."

76. The Court must dismiss any civil action brought before it that has not been submitted to mediation or alternative dispute resolution. See NRS 38.310(2).

77. A civil action, as used in NRS 38.310, is defined as "an action for money damages or equitable relief", however, "an action for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property" is not a "civil action" considered within the meaning of NRS 38.310. NRS 38.300(3).

78. Here Deutsche Bank did not submit any of their claims to mediation or alternative dispute resolution prior to initiating action with the District Court.

79. Deutsche Bank's First Cause of Action (Action for Declaratory Relief) is an equitable claim for injunctive relief not subject to the requirements of NRS

38.310, therefore not subject to mediation/arbitration requirements of NRS 30.010.

80. The real dispute in this case was the fact that Deutsche Bank was willing to tender 9 months of assessments only when the HOA argued that the amount necessary to extinguish the super-priority lien was greater than 9 months of assessments.

81. In July 2014, in response to BANA's demand on Deutsch Bank's behalf for a payoff ledger so it could satisfy any super-priority amount, the HOA trustee and HOA provided a payoff ledger claiming the total amount of $4,525.83 and the super priority amount of $3,216.91.

82. HOA did not describe how it made its calculations "based upon legal considerations most favorable to the HOA until such time as the Nevada Supreme Court or the Nevada Legislature provide more clarity on the issue."

83. Based on the semi-annual assessment amount of $498 identified in HOA's ledger, Deutsche Bank calculated the super-priority amount owned to the HOA, the sum of nine-months of common assessments, as $747.00 and tendered that amount to the HOA on September 04, 2014

84. HOA rejected that tender.

85. This dispute regarding how much needs to be included in the super-priority is subject to NRS 38.310 and should have been dealt in mediation/arbitration, not in civil court.

86. Instead, in A-15-714483-C, District Court Judge erred in ordering the association to accept the tender of nine months of assessment and specify that HOA reserves the right to claim that additional amounts are due to HOA as part of its super-priority lien, contradicting the fact that the 1st Deed of Trust would not be extinguised by partial payment of the super-priority.

## XI.   SIXTH CLAIM OF RELIEF
### Declaratory Judgment/Quiet Title

Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

87. Plaintiff is seeking to quiet title against all Defendants as follows: the claims of defendants are without any right whatever and such defendants have no right, title, estate, lien, or interest whatever in the Subject Property or any part thereof.

88. Plaintiffs seek to quiet title as of the date this complaint is filed with the court.

89. The Subject Property should be restored to Plaintiff, its rightful owner.

90. This Court should declare and decree and enter an Order of Declaratory Relief that Plaintiff is the rightful owner of the Property and quiet title in the name of Plaintiff.

91. It has been necessary for Plaintiff to retain the services of legal experts to initiate this action and therefore Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in accordance with the law, including, without limitation, as special damages.

## REQUEST FOR RELIEF

92. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

93. For a temporary and preliminary injunction enjoining Defendants proceeding with the foreclosure of the Subject Property;

94. That the Court issued a declaration that the Defendants be required to release the encumbrance on the Subject Property and return property title back to Plaintiff.

95. That the Court Order judgment quieting title to Plaintiff as the owner of the Subject Property and that all Defendants have no title, right to the estate, lien or interest in the property;

96. That the Court enters a judgment declaring Defendants acts and practices complained of herein to be unlawful, unfair, and fraudulent.

97. For injunctive relief against Defendants to prevent future wrongful conduct;

98. For the Court to enforce the FDCPA as it applies to the Defendant, and enter a judgment that Plaintiff is the owner of the property and that defendants have no interest in the property adverse to the Plaintiff;

99. For the Court to enter a judgment declaring that the Deutsche Bank's Deed of Trust was rendered unsecured due to improper securitization;

100.   For the Court to enter a judgment declaring that Deutsche Bank should have gone to arbitration/mediation with HOA to resolve the super-priority amount to tender to keep their alleged secured interest.

101.   For the Court to enter a judgment declaring that Deutsche Bank did not satisfy the full amount of super-priority and just paid 9 months of assessments.

102.   That Plaintiff receives a Trustee's Deed stating that Deutsche Bank's deed of trust was extinguished or no longer existed at the time of the HOA sale.

103.   That Plaintiff recover costs, and reasonable attorney fees, if incurred;

104.   That Defendants be required to specifically prove all allegations in this action;

105.   For punitive damages;

106.   And for such other and further relief as the Court may deem just, equitable and proper.

Dated: October 8th, 2015



Philippe Laurent, Managing Member New Start Asset Recovery, llc – Plaintiff in Po Se

### VERIFICATION

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated: October 8th, 2015

Philippe Laurent, Managing Member New Start Asset Recovery, llc – Plaintiff in Po Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every claim so triable.

Dated: October 8th, 2015

_____

Philippe Laurent, Managing Member New Start Asset Recovery, llc – Plaintiff in Po Se