DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
ERIC S. POWERS, ESQ.
Nevada Bar No. 12850
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572

Email: darren.brenner@akerman.com
Email: eric.powers@akerman.com

*Attorneys for Defendant Deutsche Bank National Trust Company as Indenture Trustee under the Indenture Relating to JMH Assets, Corp Collateralized Asset-Backed Bonds, Series 2005-4*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| NEW START ASSET RECOVERY, LLC, a Nevada LLC<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN R. USIAK and ROSA M. USIAK, husband and wife as Joint tenants; DEUTSCHE BANK NATIONAL TRUST COMPANY as Indenture Trustee under the Indenture Relating to JMH Assets, Corp Collateralized Asset-Backed Bonds, Series 2005-4, a New York Corporation; TRUSTEE CORPS, a California Company, Successor Trustee and DOES 1 through 100, inclusive,<br><br>Defendants. | 2:15-cv-01940-JAD-CWH<br><br>**DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** |

This motion is based on this Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and on such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a foreclosure action in which Mr. Philippe Laurent, managing member of plaintiff New Start Asset Recovery, LLC (**Plaintiff**), filed a Complaint against various defendants alleging,

among other things, quiet title/declaratory relief. Plaintiff contends that it purchased the subject real property at an HOA foreclosure sale, free and clear of defendant Deutsche Bank National Trust Company as Indenture Trustee under the Indenture Relating to JMH Assets, Corp Collateralized Asset-Backed Bonds, Series 2005-4 (**Defendant or Deutsche Bank**) first deed of trust encumbering the property. This Court should dismiss Plaintiff's Complaint against Deutsche Bank because Laurent is barred from asserting claims on behalf of his limited liability company in this Court because he is not an attorney licensed to practice law in the state of Nevada. The Court should also dismiss the Complaint, with prejudice, because the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.

## II.   STATEMENT OF RELEVANT FACTS

On or about February 3, 2005, Stephen R. Usiak, and Rosa M. Usiak (**Borrowers**) refinanced the real property located at 4514 Blue Mesa Way, Las Vegas, Nevada 89129 (the **Property**) via a loan in the amount of $560,000.00, which was secured by a Deed of Trust. On February 3, 2005, Borrowers executed this Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. (**MERS**), solely as nominee for Countrywide Home Loans, Inc. A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit A**.[1] On or about June 6, 2012, Borrowers transferred the Property via quitclaim deed to Stephen Raymond Usiak, III and Rosa Manuela Usiak, as co-Trustees of The Usiak Living Trust, U/A dated June 6, 2012 (**Living Trust**). The quitclaim deed was recorded on June 7, 2012. A true and accurate copy of the Quitclaim Deed is attached hereto as **Exhibit B**. On or about September 16, 2013, MERS, as nominee for Countrywide Home Loans, Inc., assigned the Deed of Trust to Deutsche Bank National Trust Company as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-4

---

[1] It is well established that the Court may take judicial notice of public records. *Stockmeier v. Nev. Dep't. of Corr. Psychological Review Panel*, 124 Nev. 313, 183 P.3d 133, 135 (2008). A judicially noticed fact must be generally known within the territorial jurisdiction of the trial court; or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute. Fed. R. Civ. P. 201(b)(1) and (b)(2). Under Fed. R. Civ. P. 201(c), a "court must take judicial notice if a party requests it and the court is supplied with the necessary information." *See also Stockmeier* 183 P.3d at 135 (2008) (taking judicial notice of facts in a related state district court proceeding).

(**Defendant** or **Deutsche Bank**). The Assignment was recorded on September 19, 2013. A true and accurate copy of the Assignment of the Deed of Trust is attached hereto as **Exhibit C**.

The Property is located in and governed by Tuscon Ridge Homeowners' Association (**HOA**). Upon information and belief, Borrowers became delinquent in paying their HOA dues. As a result, on or about April 9, 2014, the HOA, through its agent Nevada Association Services, Inc. (**HOA Trustee**) recorded a Notice of Delinquent Assessment Lien. The Lien stated the amount due to the HOA was $2,596.14. A true and accurate copy of the Notice of Delinquent Assessment Lien is attached hereto as **Exhibit D**. Subsequently, the HOA, through the HOA Trustee, recorded a Notice of Default and Election to Sell under Homeowners Association Lien on or about May 27, 2014. The Notice of Default stated that the amount due to the HOA was $3,537.28. A true and accurate copy of the Notice of Default is attached hereto as **Exhibit E.**

On or about February 3, 2015, Deutsche Bank substituted MTC Financial Inc. dba Trustee Corps in as trustee under the Deed of Trust. The Substitution of Trustee was recorded on February 12, 2015. A true and accurate copy of the Substitution of Trustee is attached hereto as **Exhibit F.** On February 6, 2015, the HOA Trustee, on behalf of the HOA, recorded a Notice of Foreclosure Sale. The Notice stated that the amount due to the HOA was $6,796.95. A true and accurate copy of the Notice of Sale is attached hereto as **Exhibit G.** On April 30, 2015, a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded. A true and accurate copy of the Notice of Default is attached hereto as **Exhibit H.**

On September 24, 2015, in the District Court of Clark County, Nevada, the district court Judge granted the Stipulation and Order attached hereto as **Exhibit I**. Among other things, the Stipulation and Order provided as follows with respect to the subject Property: (1) Deutsche Bank tendered $747.00, equaling nine months of common assessments to the HOA, and the HOA accepted Deutsche Bank's tender; (2) it will be announced at the HOA foreclosure sale that the sale will not extinguish the Deed of Trust; and (3) any foreclosure deed resulting from the HOA foreclosure sale would specify that the HOA foreclosure sale did not extinguish the Deed of Trust.

On September 25, 2015, the HOA, through its agent, the HOA Trustee, non-judicially foreclosed on the Property, selling the Property to Philippe Laurent (**Laurent**), the managing

3

member of Plaintiff, for $18,900.00. The Foreclosure Deed expressly states that Laurent was informed that the foreclosure sale did not extinguish Deutsche Bank's Deed of Trust. The Foreclosure Deed was recorded on September 30, 2015. A true and accurate copy of the Foreclosure Deed is attached hereto as **Exhibit J.** On October 8, 2015, Laurent transferred the Property to Philippe Laurent and Perrine Laurent, husband and wife, as joint tenants with rights of survivorship, via a Grant, Bargain, Sale Deed. The Grant, Bargain, Sale Deed was recorded on October 8, 2015. A true and accurate copy of the Grant, Bargain, Sale Deed is attached hereto as **Exhibit K.** Immediately thereafter, also on October 8, 2015, Philippe Laurent and Perrine Laurent conveyed the Property to Plaintiff via a Grant, Bargain, Sale Deed. This deed was also recorded on October 8, 2015. A true and accurate copy of the Grant, Bargain, Sale Deed is attached hereto as **Exhibit L.** On October 9, 2015, trustee MTC Financial Inc. dba Trustee Corps, non-judicially foreclosed on the Property and Deutsche Bank purchased the Property at the sale for $630,000.00. A true and accurate copy of the Trustee's Deed Upon Sale is attached hereto as **Exhibit M.**

### III. LEGAL STANDARD

A defending party may move to dismiss any claim on the grounds that the court lacks jurisdiction over the subject matter of the dispute. FRCP 12(b)(1). "For motions to dismiss under Rule 12 (b) (1), unlike a motion under Rule 12(b) (6), the moving party may submit affidavits or any other evidence properly before the court." *Association of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000). "Rule 12(b) (1) jurisdictional attacks can be either facial or factual. With a factual Rule 12(b)(1) attack, however, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (internal citations omitted). Plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Pub. Co. Inc. v. General Tel. & Electronics Corp,* 594 F.2d 730, 733 (9th Cir. 1979) (internal citations omitted). Because the jurisdictional issue is independent of the merits of the case, the Court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial,

resolving factual disputes where necessary. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987)(internal citations omitted).

Here, because Plaintiff's Complaint was not filed by an attorney licensed to practice law in the state Nevada, the Court should dismiss the Complaint. Additionally, because Plaintiff's Complaint is nothing more than a collateral attack on a prior Nevada state court proceeding, this court lacks subject matter jurisdiction over the claims pursuant to the *Rooker-Feldman* doctrine. Accordingly, Plaintiff's claims against Deutsche Bank fail as a matter of law and should be dismissed.

### IV. ARGUMENT

This Court should grant Deutsche Bank's Motion to Dismiss Plaintiff's Complaint. It is well established that unincorporated associations, such as Plaintiff, must appear in federal court with a licensed attorney. *See, United States v. High Country Broad Co.,* 3 F.3d 1244, 1245 (9th Cir.1993); *see also HDR Insurance Managers, LLC v. Summit Insurance Services,* Inc., U.S. Dist. Ct. Case No. 2:09–cv–0380–LRH–GWF, 2011 WL 1336402 (Apr. 7, 2011), citing *Rowland v. California Men Colony, Unit II Mens' Advisory Council,* 506 U.S. 194, 200–201 (1993). Because Plaintiff is represented by *pro se* litigant Laurent, who is not a licensed attorney, Plaintiff's Complaint must be dismissed.

Additionally, all of the allegations in Plaintiff's Complaint stem from a previous state court action between Deutsche Bank and the HOA with respect to the subject Property (**State Court Action**).[2] In the state court action, the Judge entered an Order stating that the sale of the Property at the HOA foreclosure sale would be subject to Deutsche Bank's Deed of Trust and the sale would not extinguish Deutsche Bank's Deed of Trust. Here, it is obvious that Plaintiff's allegations amount to a collateral attack on the Nevada state court proceeding. This Court, however, lacks subject matter jurisdiction over Plaintiff's allegations due to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is based on the statutory proposition that federal district courts are courts of original, not appellate jurisdiction. *See In re Sasson,* 424 F.3d 864, 871 (9th Cir.2005)(citing 28 U.S.C. § 1331, 1332). Therefore, federal district courts have "no authority to review the final determinations of a

---

[2] Case No.: A-15-714483-C; Dept. XXIV filed in the District Court of Clark County, Nevada.

state court in judicial proceedings." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir.1986). As a result, this Court lacks subject matter jurisdiction to review the state court proceeding, the result of which Plaintiff complains about throughout its Complaint, and Plaintiff's Complaint should be dismissed with prejudice.

## V.  CONCLUSION

For the forgoing reasons, Deutsche Bank respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint against Deutsche Bank.

Respectfully submitted this 30th day of November, 2015.

          **AKERMAN LLP**

          /s/ *Eric S. Powers*
          DARREN T. BRENNER, ESQ.
          Nevada Bar No. 8386
          ERIC S. POWERS, ESQ.
          Nevada Bar No. 12850

          *Attorneys for Defendant Deutsche Bank National Trust Company as Indenture Trustee under the Indenture Relating to JMH Assets, Corp Collateralized Asset-Backed Bonds, Series 2005-4*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2015, and pursuant to Fed. R. Civ. P. 5(b), I served via the CM/ECF electronic filing system a true and correct copy of the foregoing **DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** to:

New Start Asset Recovery, LLC
7380 S. Eastern Ave, #124
Las Vegas, NV, 89123

*Plaintiff, in Pro Per*

/s/ *Julia M. Diaz*
An employee of Akerman LLP