**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEW START ASSET RECOVERY LLC,

        Plaintiff,

vs.

TRUSTEE CORPS,

        Defendant.

Case No. 2:15-cv-01940-JAD-CWH

**ORDER**

    Plaintiff New Start Asset Recovery, LLC, filed this mortgage-foreclosure case against Defendants Stephen and Rosa Usiak, Deutsche Bank National Trust Company, and Trustee Corps on October 18, 2015. (Compl. (ECF No. 1).) Plaintiff stipulated to dismiss its claims against Defendant Deutsche Bank . (Stip. (ECF No. 13); Order (ECF No. 14).) The Court dismissed Plaintiff's claims against Defendants Stephen and Rosa Usiak under Rule 4(m) of the Federal Rules of Civil Procedure for Plaintiff's failure to file proof of timely service. (Order (ECF No. 17).) Defendant Trustee Corps is the only remaining defendant in the case, and Plaintiff has not filed proof of service as to Trustee Corps.

    Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Here, more than 120 days have passed since Plaintiff filed its complaint against Trustee Corps.

---

[1] Effective December 1, 2015, Rule 4(m) was amended to reduce the time for servicing a defendant from 120 days to 90 days. Given that the complaint was filed before December 1, 2015, the Court applies the 120-day deadline in this case.

Unless Plaintiff (1) files proof of service showing that it timely served Trustee Corps within 120 days after the complaint was filed, or (2) files a motion demonstrating there was good cause for its failure to timely serve Trustee Corps, the undersigned will recommend that Plaintiff's claims against Trustee Corps be dismissed without prejudice under Rule 4(m).  Plaintiff's deadline for filing proof of timely service or moving to extend time to serve is July 7, 2016.

Additionally, the Court notes that Plaintiff is a limited liability company and is not represented by an attorney.  Because Plaintiff is a limited liability company, it must be represented by an attorney in this action.  *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney.").  The Court therefore will order Plaintiff to retain an attorney if Plaintiff intends to prosecute this case against Trustee Corps.  Plaintiff's attorney must file a notice of appearance by July 7, 2016.  Plaintiff is advised that failure to retain an attorney will result in a recommendation that this case be dismissed without prejudice under Local Rule IA 11-8.

IT IS THEREFORE ORDERED that Plaintiff must file proof of service showing that it timely served Trustee Corps within 120 days of the date the complaint was filed.  Alternatively, Plaintiff may file a motion to extend time for service establishing good cause for failing to timely serve Trustee Corps.  Plaintiff's deadline for filing proof of timely service or a motion to extend time to serve is July 7, 2016.

IT IS FURTHER ORDERED that Plaintiff must retain an attorney and that Plaintiff's attorney must file a notice of appearance by July 7, 2016.

DATED: June 6, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**